FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2026

SEAN F. MCAVOY, CLERK

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WASHINGTON**

| | | |
|---|---|---|
| COREY MICHAEL SWITZER, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:26-cv-00373-MKD |
| v. | ) | |
| | ) | |
| ASOTIN COUNTY, a Washington | ) | |
| municipal corporation; | ) | |
| CURTIS LIEDKIE, in his | ) | |
| individual and official | ) | |
| capacity; LISA WEBBER, in | ) | |
| her individual and official | ) | |
| capacity; CHRIS KEMP, in | ) | |
| her individual and official | ) | |
| capacity; STACEY HARMAN, | ) | |
| in her individual and | ) | |
| official capacity; AMANDA | ) | |
| DAYLONG, in her individual | ) | |
| and official capacity; | ) | |
| JOHN HILDERBRAND, in his | ) | |
| individual and official | ) | |
| capacity; and BLAKE | ) | |
| RICHARDS, in his individual | ) | |
| and official capacity, | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, CIVIL RICO, AND SUPPLEMENTAL STATE LAW CLAIMS**

**DEMAND FOR JURY TRIAL**

---

**NOTE TO THE COURT AND DEFENDANTS:**

Plaintiff Corey Michael Switzer, proceeding pro se, files this Complaint to remedy a coordinated scheme by Defendants to misuse public funds, obstruct justice, retaliate against a whistleblower, and deprive Plaintiff of his civil rights. The claims arise under federal law, including 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 1962(c) and (d), and 18 U.S.C. § 1964(c), as well as supplemental state law claims under Chapter 42.56 RCW (Public Records Act) and Chapter 9A.82 RCW (Criminal Profiteering Act).

---

# I. INTRODUCTION

1. This is a civil action for damages, declaratory and injunctive relief, and statutory penalties arising from a coordinated scheme by Defendants to misuse public funds, obstruct justice, and retaliate against Plaintiff for exercising his First Amendment and statutory rights.

2. Defendants, acting under color of state law, engaged in a pattern of racketeering activity, including mail fraud, wire fraud, obstruction of justice, witness intimidation, official misconduct, and unauthorized practice of law. Defendants conspired to deprive Plaintiff of his civil rights and retaliated against him for reporting corruption.

3. Plaintiff seeks treble damages under the federal civil RICO statute (18 U.S.C. § 1964(c)), treble damages under the Washington Criminal Profiteering Act (RCW 9A.82.100), compensatory and punitive damages under 42 U.S.C. § 1983 and § 1985, statutory penalties under the Washington Public Records Act (RCW 42.56.550(4)), and reasonable attorney's fees and costs.

4. Plaintiff also requests declaratory and injunctive relief compelling Defendants to comply with the Public Records Act and to cease their retaliatory conduct.

---

# II. JURISDICTION AND VENUE

5. **Federal Question Jurisdiction:** This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 because the claims arise under the Constitution and laws of the United States, including 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 1964(c).

6. **Supplemental Jurisdiction:** This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, including claims under the Washington Public Records Act (RCW 42.56) and the Washington Criminal Profiteering Act (RCW 9A.82), because they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. **Venue:** Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Asotin County, Washington, which is located within the Eastern District of Washington. Venue is also proper under 18 U.S.C. § 1965(a) because Defendants reside, are found, or have agents in this district.

8. **Personal Jurisdiction:** This Court has personal jurisdiction over all Defendants because they are residents of the State of Washington and have sufficient minimum contacts with this forum.

9. **RICO Statute of Limitations:** This action is timely filed within the four-year statute of limitations applicable to civil RICO claims (18 U.S.C. § 1965(d)) because the last

predicate acts occurred in 2026 and Plaintiff discovered the pattern of racketeering within the limitations period.

10. **Civil Rights Statute of Limitations:** This action is timely filed within the three-year statute of limitations applicable to claims under 42 U.S.C. § 1983 and § 1985, as the last retaliatory acts occurred in 2026.

11. **PRA Statute of Limitations:** This action is timely filed within the one-year statute of limitations applicable to Public Records Act claims (RCW 42.56.550(6)) because the County's last production and claims of exemption occurred within the preceding year.

---

## III. PARTIES

12. **Plaintiff:** Corey Michael Switzer is a citizen of North Carolina and a "person" entitled to request public records under RCW 42.56.080. Plaintiff is a "person" injured in his business or property within the meaning of 18 U.S.C. § 1964(c) and a "person" deprived of his civil rights under color of state law within the meaning of 42 U.S.C. § 1983. Plaintiff is the founder and operator of LCV Blotter, a manager-managed limited liability company in the State of North Carolina dedicated to investigative journalism focused on government transparency. Plaintiff has been damaged in his business and property by Defendants' actions.

13. **Defendant Asotin County:** Defendant Asotin County is a Washington municipal corporation subject to the Washington Public Records Act, the Washington Criminal Profiteering Act, and federal civil rights laws. The County is the employer of the individual Defendants and is responsible for their official conduct.

14. **Defendant Curtis Liedkie:** Defendant Liedkie is the Asotin County Prosecuting Attorney. He is sued in his individual and official capacities. Liedkie engaged in the

unauthorized private practice of law by appearing as counsel for Judge Brooke Burns and signing a sham Special Deputy Prosecuting Attorney appointment.

15. **Defendant Lisa Webber:** Defendant Webber is the Asotin County Coroner. She is sued in her individual and official capacities. Webber is statutorily barred from practicing law under RCW 36.24.170, yet she acted as a "legal administrative assistant" to Prosecutor Liedkie and coordinated legal filings.

16. **Defendant Chris Kemp:** Defendant Kemp is the Asotin County Chief Operating Officer. She is sued in her individual and official capacities. Kemp signed the July 10, 2025 Fee Agreement with Amanda Daylong and made false statements to the Washington State Auditor's Office.

17. **Defendant Stacey Harman:** Defendant Harman is the former Clerk to the Board of Commissioners. She is sued in her individual and official capacities. Harman made false statements to the State Auditor on December 31, 2025, claiming that "no funds have been expended."

18. **Defendant Amanda Daylong:** Defendant Daylong is a private attorney and Special Deputy Prosecuting Attorney for Asotin County. She is sued in her individual and official capacities. Daylong represented Judge Burns, proposed a retroactive retainer agreement to conceal misconduct, and threatened Plaintiff with defamation.

19. **Defendant John Hilderbrand:** Defendant Hilderbrand is the Asotin County Sheriff. He is sued in his individual and official capacities. Hilderbrand disabled comments on his official Facebook page in retaliation for Plaintiff's protected speech.

20. **Defendant Blake Richards:** Defendant Richards is the Asotin County Undersheriff. He is sued in his individual and official capacities. Richards disabled comments, blocked Plaintiff's personal account, and blocked the official business page of LCV Blotter in retaliation for Plaintiff's protected speech.

# IV. FACTUAL ALLEGATIONS

## A. The Underlying Misconduct – The County's Unlawful Use of Public Funds

21. On April 14, 2025, Plaintiff filed a petition for writ of mandamus against Superior Court Judge Brooke Burns in the Washington Supreme Court (Case No. 104080-6). The action arose from Judge Burns blocking Plaintiff on Facebook in retaliation for protected speech.

22. The Washington Supreme Court explicitly ruled that the mandamus action was directed only against Judge Burns, and that the Asotin County Prosecutor was **not** a state officer. *See* Supreme Court Letter, April 23, 2025 (Exhibit AK). Asotin County was never a party to this action.

23. Despite being not a party, Prosecutor Liedkie initially appeared as counsel for Judge Burns. On July 8, 2025, Liedkie filed a Notice of Withdrawal and Substitution, substituting private attorney Amanda Daylong as counsel for Judge Burns. (Exhibit I).

24. This representation was unlawful under:

- RCW 36.27.060(1): Full-time prosecuting attorneys in counties with populations over 18,000 (Asotin County qualifies) "shall not engage in the private practice of law."
- RCW 36.24.170: "The coroner shall not appear or practice as attorney in any court."
- RCW 2.48.200: County coroners are specifically prohibited from practicing law.

25. The County created a sham "Special Deputy Prosecuting Attorney" appointment to conceal the unlawful expenditure of public funds:

- **July 10, 2025:** Fee Agreement signed between Asotin County and Amanda Daylong's firm at $325/hour for "Public Records Act Litigation and Consulting, Switzer v. Asotin County, et al." (Exhibit F). No such case existed on July 10, 2025.
- **July 21, 2025:** Special Deputy Prosecuting Attorney Appointment signed by Prosecutor Liedkie for the same non-existent case. (Exhibit G).

26. On July 3, 2025, the County's insurer, Washington Counties Risk Group (WCRG), explicitly denied coverage for PRA claims. (Exhibit H). The County knew insurance would not cover PRA matters but proceeded to hire private counsel at taxpayer expense.

## B. False Statements to the State Auditor

27. The County made materially false statements to the Washington State Auditor's Office (SAO) to conceal its actions:

- **December 16, 2025:** Chris Kemp wrote to the SAO stating: "The County did not hire and pay a private law firm" and "Coverage was provided under our insurance policy and assigned legal counsel." (Exhibit Q). Both statements were false.
- **December 31, 2025:** Stacey Harman wrote to the SAO stating: "As of today, no funds have been expended for this purpose." (Exhibit L). This was false, as the July 10 Fee Agreement had already obligated the County to pay $325/hour.

## C. The Retroactive Retainer Scheme

28. On January 9, 2026, Amanda Daylong sent an email to Chris Kemp and Stacey Harman stating:

> "If not approved already, we should get a retainer agreement and fee schedule together for the Board of Commissioners to take up at the next meeting and approve... which would ensure that we are cleared regarding

Switzer's potential objections on expenditure of public funds." (Exhibit P-Unredacted).

29. This email constitutes evidence of a scheme to backdate documents and conceal the unlawful expenditure of public funds.

## D. The County's Obstruction of Public Records Act Requests

30. **PDR 25-23 (April 30, 2025):** The County identified one responsive email but withheld it in its entirety under a deficient claim of attorney-client privilege, providing only a one-line exemption log. (Exhibit A). The County's counsel later admitted the log contained a "scrivener's error." (Tr. at 437-438).

31. **PDR 26-01 (January 7, 2026):** The County charged an unlawful scanning fee for electronic records, in violation of RCW 42.56.120(2)(c). (Exhibit C).

32. **PDR 26-10 (March 7, 2026):** The County provided an 87-day estimate for a narrow electronic records request and subsequently produced 139 of Plaintiff's own emails while producing zero from the target custodians. (Exhibit D; Exhibit C CSV Manifest).

## E. Retaliation and Witness Intimidation

33. **March 23, 2026:** Amanda Daylong threatened Plaintiff with defamation. (Exhibit M). No defamation suit has been filed. The threat was a baseless bluff designed to intimidate a whistleblower and chill First Amendment-protected speech.

34. **August 12, 2025:** Undersheriff Blake Richards disabled comments on his official Facebook page immediately after Plaintiff posted a report of criminal violations by Prosecutor Liedkie and Coroner Webber. (Declaration of Corey Michael Switzer, filed June 14, 2026).

35. **April 2, 2026:** Sheriff John Hilderbrand disabled comments on his official Facebook page immediately after Plaintiff posted the same report. (Id.)

36. **January 2026:** Undersheriff Richards blocked Plaintiff's personal account from his campaign Facebook page. (Id.)

37. **June 14, 2026:** Undersheriff Richards blocked the official business page of LCV Blotter immediately after Plaintiff published an article summarizing the procedural history of this case. (Id.; Exhibit B to Declaration).

## F. The AGO's Institutional Bad Faith

38. On March 16, 2026, the Washington State Attorney General's Office sent a form-letter response directing Plaintiff to the Asotin County Sheriff's Office, despite internal knowledge that the Sheriff was implicated. (Exhibits AC, AE).

39. AGO internal emails reveal:

- The AGO knowingly directed Plaintiff to the Sheriff's Office despite knowing the Sheriff was "cahoots" with the wrongdoers. (Exhibit AC).
- The Attorney General requested to "filter" Plaintiff's emails. (Exhibit AD).
- AGO staff mocked Plaintiff's First Amendment claim as the "darkest timeline." (Exhibit AF).

## G. Exhaustion of Administrative Remedies

40. Plaintiff has exhausted all administrative remedies:
    - **April 22, 2025:** Plaintiff filed a grievance against Curtis Liedkie with the Washington State Bar Association (ODC File No. 25-00667). (Exhibit CC). The grievance was dismissed without investigation on June 4, 2025. (Exhibit CA).
    - **December 10, 2025:** Plaintiff filed a complaint with the SAO (Hotline Case H-25-795). (Exhibit BB). The SAO deferred to a Fall 2026 audit.
    - **March 16, 2026:** The AGO sent a form-letter response directing Plaintiff to the Sheriff's Office.

- **Multiple CJTC complaints:** The CJTC administratively closed complaints against Richards and Hilderbrand.

---

# V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION: Violation of the Washington Public Records Act – Wrongful Withholding (PDR 25-23)

41. Plaintiff realleges paragraphs 1-40.

42. Defendants violated RCW 42.56.210(3) and RCW 42.56.070(1) by withholding a responsive email in its entirety and failing to provide a lawful exemption log.

43. Defendants' counsel admitted the exemption log contained a "scrivener's error." (Tr. at 437-438).

44. **WHEREFORE,** Plaintiff requests an order compelling production of the withheld email and statutory penalties under RCW 42.56.550(4).

## SECOND CAUSE OF ACTION: Violation of the Washington Public Records Act – Unlawful Scanning Fee (PDR 26-01)

45. Plaintiff realleges paragraphs 1-44.

46. Defendants violated RCW 42.56.120(2)(c) by charging a scanning fee for electronic records.

47. **WHEREFORE,** Plaintiff requests a refund of the unlawful $10.20 scanning fee.

## THIRD CAUSE OF ACTION: Violation of the Washington Public Records Act – Deficient Exemption Log (PDR 26-01)

48. Plaintiff realleges paragraphs 1-47.

49. Defendants violated RCW 42.56.210(3) and *Sanders v. State*, 169 Wn.2d 827 (2010), by providing an exemption log that lists only statutory citations without explaining how each exemption applies to the redacted content.

50. **WHEREFORE,** Plaintiff requests an order compelling a proper exemption log.

## FOURTH CAUSE OF ACTION: Violation of the Washington Public Records Act – Unreasonable Estimate (PDR 26-10)

51. Plaintiff realleges paragraphs 1-50.

52. Defendants violated RCW 42.56.520 by providing an 87-day estimate for a narrow electronic records request.

53. **WHEREFORE,** Plaintiff requests an order compelling production within 30 days and statutory penalties.

## FIFTH CAUSE OF ACTION: Violation of the Washington Public Records Act – Extra-Record Withholding (PDR 26-01)

54. Plaintiff realleges paragraphs 1-53.

55. Defendants willfully withheld insurance documents responsive to PDR 26-01 and only produced them outside the PRA process on April 21, 2026.

56. **WHEREFORE,** Plaintiff requests maximum statutory penalties under RCW 42.56.550(4).

## SIXTH CAUSE OF ACTION: Declaratory and Injunctive Relief

57. Plaintiff realleges paragraphs 1-56.

58. An actual controversy exists regarding the parties' rights and duties under the PRA.

59. **WHEREFORE,** Plaintiff requests a declaratory judgment and an injunction compelling compliance.

---

## SEVENTH CAUSE OF ACTION: Civil RICO – 18 U.S.C. § 1962(c)

60. Plaintiff realleges paragraphs 1-59.

61. **The Enterprise:** Defendants Asotin County, Liedkie, Webber, Kemp, Harman, Daylong, Hilderbrand, and Richards constitute an "enterprise" as defined in 18 U.S.C. § 1961(4). The enterprise has a common purpose: to misuse public funds, obstruct justice, and retaliate against whistleblowers. The enterprise is engaged in and affects interstate commerce.

62. **Conduct of the Enterprise:** Defendants conducted the enterprise's affairs through a pattern of racketeering activity.

63. **Pattern of Racketeering Activity:** The following predicate acts, occurring within a ten-year period, are related and amount to a threat of continued criminal activity:

| Predicate Act | Statute | Evidence |
|---|---|---|
| Mail Fraud | 18 U.S.C. § 1341 | False statements to SAO via mail (Exhibits L, Q, CQ) |

| Predicate Act | Statute | Evidence |
|---|---|---|
| Wire Fraud | 18 U.S.C. § 1343 | Emails coordinating sham appointment (Exhibits F, G, CJ); retroactive retainer email (Exhibit P-Unredacted) |
| Obstruction of Justice | 18 U.S.C. § 1512 | Defamation threat (Exhibit M); claw-back demand (June 9, 2026) |
| Witness Intimidation | 18 U.S.C. § 1512 | Social media blocking and comment suppression (Declaration) |
| Official Misconduct | RCW 42.20.010 | Sham Special Deputy Appointment (Exhibits F, G) |
| Unauthorized Practice of Law | RCW 2.48.180 | Liedkie and Webber representing Judge Burns (Exhibits I, DB, CL) |
| Coroner Practicing Law | RCW 36.24.170 | Webber preparing and signing legal documents (Exhibit CL) |

64. **Injury to Business or Property:** Plaintiff has been injured in his business (LCV Blotter) and property by Defendants' racketeering activity. The County's obstruction has impaired Plaintiff's ability to operate his investigative journalism business, and Plaintiff has incurred damages from the unlawful scanning fee and the denial of access to public records.

65. **WHEREFORE,** Plaintiff requests treble damages, costs, and reasonable attorney's fees under 18 U.S.C. § 1964(c).

## EIGHTH CAUSE OF ACTION: Civil RICO – 18 U.S.C. § 1962(d) – Conspiracy

66. Plaintiff realleges paragraphs 1-65.

67. Defendants conspired to violate 18 U.S.C. § 1962(c) by agreeing to conduct the enterprise's affairs through a pattern of racketeering activity. The conspiracy is evidenced by the coordinated scheme documented in Exhibits F, G, P-Unredacted, and the December 22, 2025 Zoom meeting (Exhibit CE).

68. **WHEREFORE,** Plaintiff requests treble damages, costs, and reasonable attorney's fees under 18 U.S.C. § 1964(c).

---

## NINTH CAUSE OF ACTION: Washington Criminal Profiteering Act – RCW 9A.82.100

69. Plaintiff realleges paragraphs 1-68.

70. **Pattern of Criminal Profiteering Activity:** Defendants engaged in a pattern of criminal profiteering activity as defined in RCW 9A.82.010, consisting of at least three acts of criminal profiteering within a five-year period:

| **Predicate Crime** | **Statute** | **Evidence** |
|---|---|---|
| False Statement to Public Servant | RCW 9A.76.175 | Exhibits L, Q, CQ |
| Official Misconduct | RCW 42.20.010 | Exhibits F, G, CJ |
| Unauthorized Practice of Law | RCW 2.48.180 | Exhibits DB, CL |

| **Predicate Crime** | **Statute** | **Evidence** |
|---|---|---|
| Coroner Practicing Law | RCW 36.24.170 | Exhibits DB, CL |
| Conspiracy | RCW 9A.28.040 | Pattern of coordinated conduct |

71. **Injury to Business or Property:** Plaintiff has been injured in his business and property by Defendants' pattern of criminal profiteering activity.

72. **WHEREFORE,** Plaintiff requests treble damages, costs, and reasonable investigative and attorney's fees under RCW 9A.82.100.

---

## TENTH CAUSE OF ACTION: Violation of Civil Rights – 42 U.S.C. § 1983 (First Amendment Retaliation)

73. Plaintiff realleges paragraphs 1-72.

74. Defendants, acting under color of state law, retaliated against Plaintiff for engaging in protected speech in violation of the First Amendment.

75. The Sheriff's Office, acting as agents of the County, disabled comments and blocked Plaintiff's social media accounts immediately after Plaintiff reported criminal conduct by public officials. *See Lindke v. Freed*, 601 U.S. 187 (2024) (public official who restricts access to an official social media page based on content engages in state action subject to the First Amendment).

76. The timing of the blocking—comments open before Plaintiff's posts, disabled immediately after—creates a strong inference of viewpoint-based retaliation.

77. Plaintiff's speech was protected: he was reporting potential criminal violations by public officials, which is core political speech.

78. **WHEREFORE,** Plaintiff requests compensatory damages, punitive damages, and reasonable attorney's fees under 42 U.S.C. § 1988.

## ELEVENTH CAUSE OF ACTION: Conspiracy to Interfere with Civil Rights – 42 U.S.C. § 1985

79. Plaintiff realleges paragraphs 1-78.

80. Defendants and their agents conspired to deprive Plaintiff of his civil rights in violation of 42 U.S.C. § 1985.

81. The conspiracy includes: (1) the sham Special Deputy Appointment to conceal the misuse of public funds; (2) false statements to the SAO; (3) deficient PRA responses; (4) defamation threats; and (5) social media retaliation.

82. **WHEREFORE,** Plaintiff requests compensatory damages and reasonable attorney's fees under 42 U.S.C. § 1988.

---

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Corey Michael Switzer respectfully requests that this Court:

**On the PRA Claims:**

1. **ORDER** Defendants to produce the withheld PDR 25-23 email or provide a lawful exemption log with segregable portions disclosed.

2. **ORDER** Defendants to refund the unlawful $10.20 scanning fee collected for PDR 26-01.

3. **ORDER** Defendants to provide a proper exemption log for all redactions in the PDR 26-01 production.

4. **ORDER** Defendants to produce all remaining responsive records for PDR 26-10 within thirty (30) days.

5. **ORDER** Defendants to produce all records responsive to PDR 26-38 through 26-47 on an accelerated schedule.

6. **ENTER** a declaratory judgment that Defendants' actions violate the PRA.

7. **AWARD** Plaintiff statutory penalties pursuant to RCW 42.56.550(4) in the maximum amount of $100 per day for each violation for each Public Records Request.

**On the RICO and Criminal Profiteering Claims:**

8. **AWARD** Plaintiff treble damages under 18 U.S.C. § 1964(c) and RCW 9A.82.100.

9. **AWARD** Plaintiff costs and reasonable attorney's fees under 18 U.S.C. § 1964(c) and RCW 9A.82.100.

**On the Civil Rights Claims:**

10. **AWARD** Plaintiff compensatory damages, punitive damages, and reasonable attorney's fees under 42 U.S.C. § 1983 and § 1985, pursuant to 42 U.S.C. § 1988.

**General Relief:**

11. **REFER** this matter to the Washington State Attorney General for criminal investigation and the appointment of a Special Prosecutor.

12. **AWARD** such other and further relief as the Court deems just and equitable.

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

DATED this 25th day of August, 2026.

/s/ Corey Michael Switzer
Corey Michael Switzer, Pro Se
264 Kernodle Rd
Gibsonville, NC 27249
coreyswitzer@gmail.com
(218) 461-9868

---

## VERIFICATION

I, Corey Michael Switzer, declare under penalty of perjury under the laws of the State of Washington and the United States that I am the Plaintiff, I have read the foregoing Complaint, and the factual allegations are true and correct to the best of my knowledge.

DATED this 25th day of August, 2026.

/s/ Corey Michael Switzer
Corey Michael Switzer, Pro Se

---

*This complaint is submitted for electronic filing in the U.S. District Court for the Eastern District of Washington. Plaintiff requests leave to proceed in forma pauperis and requests that the Court issue summonses and direct service by the U.S. Marshals Service.*